Mark F. Anderson (SBN 44787)
Anderson, Ogilvie & Brewer LLP
235 Montgomery Street
Suite 914
San Francisco, CA 94104
Phone: (415) 651-1951
Fax: (415) 500-8300
mark@aoblawyers.com

Attorneys for Plaintiffs Jesse James Thomas III and
  Tiffany F. Thomas

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jesse James Thomas III and Tiffany F. Thomas, ) | Case No. |
| ) | |
| Plaintiffs, ) | |
| ) | COMPLAINT |
| v. ) | |
| ) | (Fair Credit Reporting Act |
| Experian Information Solutions, Inc, an Ohio ) | 15 USC § 1681 et seq) |
| corporation; ) | |
| Trans Union LLC, a Delaware limited liability ) | DEMAND FOR JURY TRIAL |
| company; and ) | |
| Equifax Information Services LLC, a Georgia ) | |
| limited liability company, ) | |
| ) | |
| Defendants. ) | |

**Preliminary Statement**

1.    This is an action for damages brought by plaintiffs Experian Information Solutions, Inc. ("Experian"), Trans Union LLC ("Trans Union") and Equifax Information Services LLC ("Equiax") for violations of the Fair Credit Reporting Act, 15 USC §1681 *et seq.*  (FCRA).

**The Parties**

2.    Plaintiffs Jesse James Thomas III and Tiffany F. Thomas, husband and wife, are individual consumers.

3.     Defendant Experian is a Ohio corporation with its principal place of business in Costa Mesa, California.

4.     Defendant Trans Union LLC is a Delaware corporation with its principal place of business in Chicago, Illinois.

5.     Defendant Equifax Information Services LLC is a limited liability company organized under the laws of Georgia.

**Jurisdiction & Venue**

6.     The court has federal question jurisdiction over the FCRA claims pursuant to 15 USC §1681p.

7.     The defendants regularly conducts business in this district and the events described in this complaint arose in this district. Plaintiffs are permanent residents of Sacramento, California.

**Description of the Case**

8.     Plaintiff Jesse James Thomas III's father is named Jesse James Thomas.

9.     Plaintiff Tiffany F. Thomas is married to plaintiff Jesse James Thomas III.

10.     Beginning on a date unknown to plaintiffs, the defendants have mixed credit information that belongs to plaintiff Jesse James Thomas III's father with his credit files.

11.     Plaintiff Jesse James Thomas III's father currently has about $25,000 in medical bills that debt collectors are attempting to collect from him. The defendant credit reporting agencies are currently and inaccurately reporting that these accounts belong to plaintiff Jesse James Thomas III.

12.     During the past year, plaintiffs have repeatedly contacted the defendant credit reporting agencies about the merging of plaintiff Jesse James Thomas III's credit files with those of his father.

13.     The credit reporting agencies told plaintiffs that in order to dispute their reporting, plaintiffs would have to secure copies of plaintiff Jesse James Thomas III's current credit reports.

14.     However, when plaintiffs attempted to do so, the agencies responded with requests for personal identifying information. Plaintiffs provided the requested information, but the agencies still would not provide copies of his credit reports.

15.     The only credit reports plaintiffs could obtain were the so-called 3 in 1 credit reports from third-party vendors. These reports show the agencies are mixing the files as stated in this complaint. However, the agencies refused to undertake an investigation of plaintiffs' disputes based on the 3 in credit reports.

16.     On December 9, 2013, plaintiffs sent dispute letters to each of the defendant credit reporting agencies. Plaintiffs requested a copy of plaintiff Jesse James Thomas III's credit report and that he had recently unable to rent an apartment. Plaintiffs provided his social security number, date of birth, current and past addresses, and his telephone number. Plaintiffs included copies of his driver's license, social security card, and a utility bill to verify his identity.

17.     On December 18, 2013, defendant Equifax responded with a form letter stating that plaintiff's proof of identity did not match information currently on file and therefore more identifying information was needed, including a document showing plaintiff's current address, a PO Box in Citrus Heights, CA. This request was unreasonable given the information and documentation plaintiff had submitted and the fact that the form letter was addressed to the PO Box that Equifax said had to be documented.

18.     On December 18, 2013, defendant Trans Union sent plaintiff a form letter to plaintiff Jesse James Thomas III stating it needed proof of his current mailing address even though the letter was addressed to the PO Box and plaintiffs had submitted the information and documentation described in ¶ 16.

19.     As of December 31, 2013, plaintiffs have received no response to plaintiffs' December 9, 2013, letter from defendant Experian.

20.     Despite plaintiff's efforts, each of the defendant agencies willfully, intentionally, recklessly and negligently repeatedly failed to accurately disclose to plaintiffs the information in plaintiff Jesse James Thomas III's file at the time of their requests as required by 15 U.S.C. § 1681g(a)(1).

21.     As a result of defendants' conduct, plaintiffs have suffered actual damages in the form of (a) lost credit opportunities, b) harm to credit reputation and credit score, and (c) emotional distress in the form of mental pain, anguish, humiliation, embarrassment, anxiety and frustration. Plaintiffs were unable to obtain a loan to buy a truck for use in plaintiff Jesse James Thomas III's business. Plaintiffs were recently evicted from their apartment and since then have been unable to lease a place of live. Plaintiffs are essentially homeless as a result. Plaintiff will continue to suffer the same for an indefinite time in the future, all to plaintiff's great detriment and loss.

**First Claim: Violations of the Fair Credit Reporting Act—Against Experian, Trans Union and Equifax**

22.     Plaintiffs incorporate by reference ¶¶ 1 through 21.

23.     The Fair Credit Reporting Act, 15 U.S.C. § 1681g provides that every consumer reporting agency shall, upon request, clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request, with exceptions not relevant to plaintiff's claim.

24.     Plaintiffs provided the defendant agencies adequate identification each time they asked the agencies to provide copies of plaintiff Jesse James Thomas III's credit files.

25.     The defendant agencies violated § 1681g in failing to provide plaintiffs and credit grantors copies of plaintiff Jesse James Thomas III's credit files.

26.     The agencies failed to employ and follow reasonable procedures to assure maximum possible accuracy of plaintiff Jesse James Thomas III's credit reports, information and file in violation of 15 USC § 1681e(b).

27.     After plaintiffs disputed the completeness and accuracy of plaintiff Jesse James

Thomas III's credit files, the agencies failed to conduct a reasonable investigation of the accuracy of plaintiff Jesse James Thomas III's credit files in violation of § 1681i.

28.     As a result of the above-described violations of § 1681g, § 1681i, and § 1681e(b), plaintiffs have sustained actual damages.

29.     The agencies' violations of the FCRA were willful and therefore plaintiffs are entitled to also seek statutory and punitive damages.

**PRAYER**

WHEREFORE, plaintiffs pray for judgment as follows:

1.      Actual, statutory and punitive damages;

2.      Injunctive relief;

3.      Costs and attorney's fees; and

4.      Such other relief as the Court may deem proper.

Dated: December 31, 2013.

ANDERSON, OGILVIE & BREWER LLP

By   /s/ *Mark F. Anderson*
          Mark F. Anderson
          Attorney for Plaintiffs

DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues.

Dated: December 31, 2013.

ANDERSON, OGILVIE & BREWER LLP

By *s/ Mark F. Anderson*
          Mark F. Anderson
          Attorney for Plaintiffs