UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE JAMES THOMAS, III and TIFFANY F. THOMAS,<br><br>Plaintiffs,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant. | No. 2:13-cv-02674-MCE-CKD<br><br><br>**MEMORANDUM AND ORDER** |

Plaintiffs Jesse James Thomas, III and Tiffany F. Thomas (collectively "Plaintiffs") filed this Fair Credit Reporting Act ("FCRA") case through counsel Mark F. Anderson ("Anderson") against Experian Information Solutions, Inc. ("Experian"); Trans Union LLC ("Trans Union"); and Equifax Information Services LLC ("Equifax").  On May 14, 2014, the Court dismissed with prejudice all claims against Trans Union and Equifax; accordingly, Experian is the sole remaining defendant in the case.  Presently before the Court is Anderson's unopposed Motion to Withdraw ("Motion") as counsel for Plaintiffs.  ECF No. 28.  For the following reasons, the Motion is GRANTED.[1]

///

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs.  See E.D. Cal. Local R. 230(g); ECF No. 38.

1

**STANDARD**

In this district, "an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared." E.D. Cal. Local R. 182(d).  Counsel "shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw." Id.  In addition, "[w]ithdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California." Id.  California's Rules of Professional Conduct provide a number of permissive grounds for withdrawal, including where the client insists upon presenting an unwarranted claim or defense or "renders it unreasonably difficult" for counsel to carry out his employment effectively.  Cal. Rule of Prof'l Conduct 3-700(C)(1)(a), (d).  Whether to grant leave to withdraw is subject to the sound discretion of the Court and "may be granted subject to such appropriate conditions as the Court deems fit."  E.D. Cal. Local R. 182(d); Canandaigua Wine Co. v. Moldauer, 2009 WL 89141, *1 (E.D. Cal. Jan. 14, 2009).

**ANALYSIS**

In his Motion and accompanying declaration, Anderson explains that he is experienced with FCRA cases and has filed over eighty such actions on behalf of consumers like Plaintiffs in the last three years alone.  ECF No. 30; ECF No. 29 ¶ 7.  Based on his experience, documents produced in discovery, and the law governing this case, Anderson has "concluded that continuing to litigate [the FCRA claim] is not warranted by existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law."  ECF No. 29 ¶ 8; ECF No. 30.  More specifically, Anderson describes that Plaintiffs "believe Experian is unquestionably liable for damages," while Anderson "believe[s] liability is a serious issue," and that Plaintiffs

2

"believe the settlement value of the case and the expected verdict following trial . . . is vastly greater" than what Anderson would expect as a result of settlement or a jury award. Id.  These disagreements have resulted in Plaintiffs "ignoring" Anderson's advice and refusing to authorize a dismissal of this action, which leads Anderson to believe he "cannot successfully continue to represent [Plaintiffs]." Id. ¶ 6; ECF No. 30.  Based on Anderson's averments, which were made under the penalty of perjury and have not been rebutted, the Court finds that the conditions referred to in subsections (C)(1)(a) and (C)(1)(d) of California Rule of Professional Conduct 3-700 are present here.  Therefore, permissive withdrawal is proper if Anderson has complied with Local Rule 182(d).  In that regard, the Court finds that Anderson has in fact complied with Rule 182(d).  He properly noticed the Motion, which was served on Experian.  Moreover, Anderson provided within his declaration Plaintiffs' current or last known address, ECF No. 29 ¶ 11, and indicated he provided Plaintiffs with the Motion through electronic and traditional mail, id. ¶ 12.

**CONCLUSION**

For the foregoing reasons, the Court finds that good cause exists for Anderson's withdrawal.  Accordingly:

1. The Motion to Withdraw, ECF No. 28, is GRANTED.
2. Mark F. Anderson of Anderson, Ogilvie & Brewer LLP, is RELIEVED as counsel for Plaintiffs.
3. The Clerk of the Court shall SERVE a copy of this Memorandum and Order on Plaintiffs at P.O. Box 4392, Citrus Heights, California 95611-4392.

IT IS SO ORDERED.

Dated: December 22, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT